**Kent BROWN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3120.**

Court of Appeals of Alaska.

April 12, 1991.

---

Margaret E. Moran, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Shelley K. Chaffin, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.[*]

BRYNER, Chief Judge.

Kent Brown appeals his conviction of promoting contraband in the first degree, AS 11.56.375(a)(3). He pled no contest on June 1, 1989, reserving his right to appeal the denial of his motion to suppress pursu-

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

ant to *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). We affirm.

On January 4, 1989, Brown was in custody at Wildwood Pretrial Facility awaiting sentencing on an unrelated charge. That day he had a contact visit with Wendy J. Medcoff, during which Correctional Officer Willard Drew saw Medcoff pass an object to Brown. Brown swallowed the object. Drew terminated the visit, placed Brown in a dry cell—one without water—and told him he could either pass the object or take Ipecac to regurgitate it. Brown took the Ipecac. Twenty minutes later, he regurgitated an opaque orange balloon containing an unknown substance. Drew seized the balloon and turned it over to the Alaska State Troopers, who opened it without a warrant and examined its contents. A field test determined that the balloon contained .83 grams of marijuana.

After being charged with promoting contraband, Brown filed a motion to suppress, claiming that the warrantless search of the balloon was invalid. Superior Court Judge James A. Hanson denied the motion, ruling that, as a prisoner, Brown had no expectation of privacy and that, in any event, probable cause existed to conduct the search without a warrant. On appeal, Brown argues that the warrantless search of the balloon violated his right to be free of unreasonable searches under the United States and Alaska Constitutions.[1]

Brown challenges Judge Hanson's finding that, as a prisoner, he had no reasonable right to expect privacy. He further asserts that the warrantless opening of the balloon was not justified by any exigency and did not fall within any recognized exception to the warrant requirement. In advancing these arguments, Brown relies on *Reeves v. State*, 599 P.2d 727 (Alaska 1979), which he believes to be dispositive. In that case, Reeves was arrested for driving while intoxicated and failure to appear. He was subjected to a routine, pre-incarceration inventory search, which yielded an opaque, tightly wrapped balloon. The officer conducting the search opened the balloon and discovered contraband. The Alaska Supreme Court held that the warrantless inspection of the contents of the balloon was unlawful.

Brown contends that, like Reeves, he had a reasonable expectation of privacy in the contents of the balloon. Brown also contends that *Reeves* establishes that a warrantless opening of a balloon is impermissible.

We need not reach the merits of Brown's privacy argument. Even assuming that, as an inmate at the Wildwood Correctional Facility, Brown retained his right to privacy, we conclude that the warrantless seizure and opening of the balloon in this case was justified under the plain view exception to the warrant requirement.

Several years after the Alaska Supreme Court decided *Reeves*, the United States Supreme Court relied on the plain view exception to uphold the warrantless seizure and search of a balloon that contained contraband. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The Court reasoned that, when used in this manner, a balloon can reasonably have no purpose other than the concealment of contraband. As Justice Stevens explained in his concurring opinion:

> [T]he balloon could be one of those rare single-purpose containers which "by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance."

*Id.* at 750–51, 103 S.Ct. at 1548 (citations omitted). For this reason, *Brown* held that, upon seizing the balloon, officers were entitled to open it and inspect its contents.

Professor LaFave provides an alternative rationale to support the same conclusion. After making the point that, under the plain view exception, the contraband nature of an article must be immediately apparent before the article is seized, LaFave explains:

---

**1.** Brown does not challenge the validity of the procedure resulting in seizure of the balloon. He contests only the warrantless search of its contents.

[T]he minimal additional intrusion which results from an inspection or examination of an object in plain view is reasonable if the officer was first aware of some facts and circumstances which justify a reasonable suspicion (not probable cause, in the traditional sense) that the object is or contains a fruit, instrumentality, or evidence of crime.

2 W. LaFave *Search and Seizure* § 6.7(b) at 717 (1987).

Brown nevertheless points out that Alaska's constitution has been construed to afford greater protection against warrantless searches than the federal constitution. He thus maintains that *Reeves* should govern his case even if a different result would be reached under the United States Constitution.

However, Alaska case law does not differ markedly from the views expressed by *Brown* and Professor LaFave. Even before the United States Supreme Court's decision in *Brown,* the Alaska Supreme Court addressed facts similar to Brown's case in *Schraff v. State,* 544 P.2d 834 (1975). In *Schraff,* an officer searching the defendant's wallet for identification noticed a folded foil packet. Based upon his experience, the officer believed that the packet contained contraband. The officer seized the packet, opened it, and discovered cocaine. On appeal, the Alaska Supreme Court held that, if the officer had the right to search the wallet, his seizure and opening of the foil packet was justified under the plain view doctrine.

Although *Schraff* and *Reeves* may, at first glance, appear to be inconsistent, further scrutiny reveals that they are not. *Schraff,* decided under the plain view exception, involved an officer who had reasonable grounds to believe that the foil packet he seized and searched contained contraband. *Reeves,* in contrast, involved a pre-incarceration inventory and not a plain view seizure. The state in *Reeves* presented nothing to establish that the officer who seized and searched the balloon had any basis for believing that it contained contraband. The court in *Reeves* emphasized that, "at no point did [the officer] testify that he had cause to believe the balloon contained contraband prior to opening it and observing its contents." *Reeves,* 599 P.2d at 740.

Basing its decision on the narrow facts of the case before it, the court in *Reeves* indicated that the balloon could have been seized and searched without a warrant if the state had shown that its contraband nature was "immediately apparent." In reaching this conclusion, the court expressly refused to distinguish between transparent and opaque balloons:

A distinction based on the transparency or opacity of a container in which contraband is seized has a certain appeal in the context of a legal doctrine termed the "plain view" doctrine. However, it is not difficult to conceive of situations in which an opaque container (such as a box labeled as containing illegal drugs) might be more apparently and probably incriminating than a substance in plain view (such as a clear jar of white powder in a suspect's kitchen). The requirement of probable cause does not rest solely on this distinction of appearance but contemplates the full range of information in which an officer's conduct in seizing the object seen is based.

*Id.* at 740 n. 36.

In the present case, ample evidence was presented to establish that the contraband nature of the balloon seized from Brown was immediately apparent to the officer who seized it. Drew saw Brown swallow an object that had just been handed to him during a contact visit at a correctional facility. Under the circumstances, Drew immediately recognized that the object Brown swallowed probably contained contraband. This likelihood was reinforced when the object was retrieved and proved to be a balloon. Both Drew and the Alaska State Trooper who ultimately opened the balloon testified that, based upon their training and experience, they were aware that balloons of the type Brown swallowed are commonly used to carry illegal drugs. Accordingly, under both *Schraff* and *Reeves,* it appears that the plain view exception to the

warrant requirement justified the seizure and opening of the balloon in this case.

The conviction is AFFIRMED.